# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 8:10CR286 |
| vs. | ) | ORDER |
| DONALD E. PALLETT, | ) | |
| Defendant. | ) | |

On September 28, 2010, the court ordered defendant Donald E. Pallett (Pallett) be committed to the custody of the Attorney General for a competency examination pursuant to 18 U.S.C. § 4241 (Filing No. 16).

Pallett's psychological evaluation was completed by Jeremiah Dwyer, Ph.D., Forensic Psychologist with the Federal Bureau of Prisons at the Federal Detention Center, Englewood, Colorado (FDC- Englewood). A forensic evaluation and report was submitted to the court by facsimile transmission on December 21, 2010, and a copy was provided to counsel and Pallett. The original of Dr. Dwyer's report was filed under seal with the Clerk of the Court on December 30, 2010 (Filing No. 22 - Sealed). Pallett was returned to the District of Nebraska for hearing.

A competency hearing pursuant to 18 U.S.C. § 4247(d) was held on December 23, 2010. The Federal Public Defender was appointed as stand-by counsel for Pallett who wished to proceed pro se. The hearing was continued to January 5, 2011. Pallett was present together with his stand-by counsel, First Assistant Federal Public Defender Shannon P. O'Connor. The United States was represented by Assistant U.S. Attorney Douglas R. Semisch. The court took judicial notice of Dr. Dwyer's forensic report (Filing No. 22 - Sealed). Pallett was afforded an opportunity to testify and to present evidence or witnesses on his behalf. Other than the psychological report, no further evidence was presented by either side except the court heard the arguments and statements of counsel and Pallett. The government argued there was insufficient evidence to find mental incompetency. Stand-by counsel supported Dr. Dwyer's report. Pallett argued he was not incompetent.

Dr. Dwyer found Pallett may suffer from a mental disorder that significantly impairs his present ability to understand the nature and consequences of the court proceedings against him and his ability to properly assist in his defense. Dr. Dwyer found Pallett has the factual cognitive ability to understand the nature and consequences of the court

proceedings against him and the cognitive ability to assist in his defense. However, Pallett's fixed beliefs are intimately entwined with the substance of the case against him and his ability to assist in his defense is presently undermined. Pallett lacks sufficient insight into these impaired beliefs and is likely to engage in counterproductive legal strategies. Dr. Dwyer recommends Pallett be committed to a federal medical center for treatment restoration to competency pursuant to 18 U.S.C. § 4241(d).

**IT IS ORDERED that**, pursuant to 18 U.S.C. § 4241(d), the court finds by a preponderance of the evidence the defendant, Donald E. Pallett, is mentally incompetent to stand trial, unable understand the nature and consequences of the proceeding against him, and unable to assist properly in his defense. Pallett is committed to the custody of the Attorney General for hospitalization and treatment in a suitable facility for a reasonable period of time, not to exceed four months, as will be necessary to determine whether there is a substantial probability that in the foreseeable future he will obtain the capacity to permit the proceedings to go forward, or such further period as permitted by law.

## ADMONITION

Pursuant to NECrimR 59.2 any appeal of this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely appeal may constitute a waiver of any objection to the Order. The brief in support of any appeal shall be filed at the time of filing such appeal. Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 5th day of January, 2011.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge